UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-0239 (TFH) |
| UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant United States Department of State (the "Department"), by and through undersigned counsel, hereby responds to the allegations in Plaintiff's Complaint, filed January 29, 2020, ECF No. 1, as follows:

### JURISIDCTION AND VENUE[1]

1. The allegations in Paragraph 1 constitute conclusions of law to which no response is required.

2. The allegations in Paragraph 2 constitute conclusions of law to which no response is required. Defendant admits that venue is proper in this judicial district.

### PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

4. Defendant admits that the Department is a federal agency, and that it is headquartered at 2201 C Street, N.W., Washington, D.C. 20520. The remaining allegations in Paragraph 4 constitute legal conclusions to which no response is required.

## STATEMENT OF FACTS

5. Defendant admits that Plaintiff submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to Defendant dated November 20, 2019. The remainder of Paragraph 5 characterizes the request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits that it provided an automated receipt, acknowledging that the FOIA request was submitted on November 20, 2019. The remaining allegations in Paragraph 7 characterize the correspondence, which speaks for itself and is the best evidence for its contents. Defendant respectfully refers the Court to the receipt for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

8. Defendant admits that by email dated January 26, 2020, it acknowledged receipt of Plaintiff's November 20, 2019 FOIA request. The remaining allegations in Paragraph 8 characterize the correspondence, which speaks for itself and is the best evidence for its contents. Defendant respectfully refers the Court to the receipt for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Defendant admits that, as of the date of the Complaint, a final determination had not yet been made and no documents had been produced to Plaintiff's FOIA request. The

remaining allegations in Paragraph 9 constitute Plaintiff's characterization of this action and legal conclusions to which no response is required.

**COUNT I**

10. Defendant incorporates its responses to Paragraphs 1 through 9 set forth above.

11. The allegations in Paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

12. The allegations in Paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

13. The allegations in Paragraph 13 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

14. The allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

15. The allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant asserts the following defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

3. Plaintiff is not entitled to injunctive relief, declaratory relief, mandamus, attorney's fees, costs of suit, or any damages whatsoever.

4. Plaintiff cannot compel the production of records protected by one or more FOIA exemptions.

Dated:  March 4, 2020

Respectfully submitted,

TIMOTHY J. SHEA,  D.C. Bar #437437
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:     /s/     Paul Cirino
PAUL CIRINO
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Attorneys for Defendant*